**UNITED STATES of America**

**v.**

**Isael SANCHEZ–MERCEDES,**
**Appellant.**

**No. 07–2632.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Dec. 1, 2008.

Opinion filed: Dec. 1, 2008.

Judy G. Smith, Office of United States Attorney, Philadelphia, PA, for Appellee.

---

Isael Sanchez–Mercedes, Philadelphia, PA, pro se.

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Isael Sanchez–Mercedes was sentenced to 30–years' imprisonment, among other conditions, for a drug conspiracy involving the shipment of approximately 230 kilos of cocaine from Mexico to Allentown, Pennsylvania. He pled guilty to two counts: conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 841(a)(1). Sanchez–Mercedes appeals his sentence as unreasonably "harsh" because it is "tantamount to a life sentence." [1] His appeal focuses on the fact that he is a fifty-year old first-time offender. He argues that after the District Court calculated his federal Sentencing Guidelines range, it failed to give adequate weight to this mitigating fact under 18 U.S.C. § 3553(a). For the reasons below, Sanchez–Mercedes's sentence was reasonable and thus we affirm. [2]

The Sentencing Guidelines are advisory, and no longer mandatory following the Supreme Court's decision in *United States v. Booker. See Gall v. United States, —* U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007) (citing *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). We review a sentence under a deferential "abuse of discretion" standard. *Id.* "[O]ur [review] is two-fold. We must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise,* 515 F.3d 207, 217 (3d Cir.2008). Examples of procedural errors include " 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.' " *Id.* (quoting *Gall,* 128 S.Ct. at 597). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," but it should set forth enough to comport with § 3553(c) and "satisfy the appellate court that he has considered the parties' arguments." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

If we conclude that the Court committed no procedural error, we then move on to step two and review the substantive reasonableness of the sentence. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise,* 515 F.3d at 218 (citation omitted).

Sanchez–Mercedes's 30–year prison sentence was within the Guideline range. In calculating the appropriate Guideline range, the District Court added two-levels for obstruction of justice, enhanced another two-levels to reflect Sanchez–Mercedes's aggravating role in the offense, and reduced the sentence two-levels for his acceptance of responsibility by pleading guilty. The Court concluded the Guidelines range was 292–365 months' imprison-

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2. Because we write primarily for the parties, we need not recite the facts of this case in detail.

ment. Sanchez–Mercedes does not argue that this calculation was improper.

At sentencing, the Court sufficiently stated its reasons for the sentence using the § 3553(a) factors. In particular, it noted that the offense was very serious and involved an "incredible amount of cocaine." It also reasonably concluded that Sanchez–Mercedes was more culpable than his co-conspirators, which justified any resulting disparity in sentences among the conspirators.

The Court then considered, but did not find, that Sanchez–Mercedes's personal characteristics and lack of criminal history were compelling reasons to vary from imposing a sentence within the Guidelines range. The Court stated that although Sanchez–Mercedes had "no criminal record," it was in part influenced by evidence of the prior dealings with his co-conspirator indicating that he had "previously distributed multiple kilograms of cocaine" on several occasions. This was information included in the Government's recitation of the facts at Sanchez–Mercedes's plea colloquy, to which he did not object. Also, after listening to testimony from several witnesses in support of Sanchez–Mercedes, the Court acknowledged that the witnesses "clearly care a great deal about you," but that "[i]nstead of finding personal success through legal endeavors, you decided a life of crime would be more fruitful." Despite "achieving some level of educational success and for successfully migrating to this country," the Court was "saddened that [Sanchez–Mercedes had] squandered this great opportunity and gift." In this context, we cannot say that Sanchez–Mercedes's within-Guidelines sentence was unreasonable.

## CONCLUSION

For the foregoing reasons, we conclude that Sanchez–Mercedes's sentence was both procedurally and substantively reasonable. We thus affirm the District Court's sentence.